Gregory B. Smith USB 6657
ALAPC
111 East 5600 South #105
Murray, UT 84107
(801) 651-1512
gs@justiceinutahnow.com
*Attorney for Plaintiff*



FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH
JUN 05 2017
D. MARK JONES, CLERK
BY_____
DEPUTY CLERK

Christina M. Jepson
Parsons Behle & Latimer
201 South Main Street, Suite 1800
Salt Lake City, UT 84111
(801) 532-1234
cjepson@parsonsbehle.com
*Attorneys for Defendant*

## IN THE UNITED STATES' DISTRICT COURT
## STATE OF UTAH

| | |
|---|---|
| KYMBERLY KRAUSE,<br><br>Plaintiff,<br><br>vs.<br><br>KINDERCARE EDUCATION LLC, a Utah Corporation,<br><br>Defendant. | **MOTION FOR APPROVAL OF FLSA SETTLEMENT**<br><br>Case: 2:17-mc-00524<br>Assigned To : Waddoups, Clark<br>Assign. Date : 6/5/2017<br>Description: Krause v. Kindercare Education |

Pursuant to the mandate laid out in *Lynn's Food Stores,* 679 F.2d 1350 (11th Cir. 1982), the Parties seek Court approval of their proposed settlement of Plaintiff's Fair Labor Standards Act claims (the "Proposed FLSA Agreement"). A true and correct copy of the Proposed FLSA Agreement is attached hereto as Exhibit 1. The Parties have agreed to the Proposed FLSA Agreement which they deem to comply with the law and which they assert is fair and reasonable. The Parties will sign the Proposed FLSA Agreement once it has been approved by the Court.

## I.    THE PROPOSED AGREEMENT IS FAIR AND REASONABLE

The Court should approve the Proposed FLSA Agreement because a bona fide dispute exists and the proposed settlement is fair and equitable to all Parties concerned. In this case, Plaintiff claims that she was improperly classified as an exempt employee and that she is entitled to overtime wages. Defendant disputes this claim. Under the Proposed FLSA Agreement, the Defendant will pay a total of $7,000. One check for $1,500 will be payable to Plaintiff which includes all of her claimed overtime wages, cost reimbursements, and an equal amount of liquidated damages. A second check for $5,500 will be payable to Plaintiff's attorney which will cover the agreed-upon legal fees for the FLSA issues.[1] Defendant will issue both checks within twenty (20) business days of the Effective Date of the FLSA Agreement, as defined in Paragraph 13 of the Proposed FLSA Agreement. If a Party seeks to enforce the Proposed FLSA Agreement, the prevailing party shall be awarded attorney fees and costs.[2]

First, the Court must determine that a bona fide dispute exists. *Peterson v. Mortg. Sources, Corp., No. CIV.A.* 08-2660-KHV, 2011 WL 3793963, at *4 (D. Kan. Aug. 25, 2011). In this case, the *Peterson* factors weigh in favor of the Court approving the proposed settlement. Defendant runs a learning center for children, which historically has earned more than $500,000 annually, and has more than two (2) employees. The type of work performed by Plaintiff was child-teaching related which Defendant argues was exempt under the FLSA. Plaintiff contends that the position is non-exempt, that she worked more than 40 hours per work week, and that she was not properly paid overtime wages. Defendant disputes Plaintiff's claims. Nonetheless,

---

[1] The Parties are also entering into a separate settlement agreement which address claims other than the FLSA claims.

[2] For the benefit of Defendant, Plaintiff makes it known that she not only has no intent to bring any future cause of actions against them, she knows of no other cause of action she could bring.

Defendant reviewed its books and records, and calculated the amounts that could be owed under Plaintiff's theory. Defendant has agreed to pay those amounts in full.

There are relative strengths and weaknesses to each side's positions. Defendant could argue in good faith that Plaintiff did not work as many hours as she has claimed, or that she was exempt for purposes of the FLSA. Further, Defendant could argue that the non-payment of the overtime was due to honest errors, so liquidated damages should not apply. On the other hand, Plaintiff could argue that she has been a misclassified employee under the FLSA and that she could be entitled to full damages under her claim. In short, each side has good faith arguments and the Parties have a bona fide dispute under the FLSA.

Second, to approve an FLSA settlement, the Court must also scrutinize the settlement for fairness. *See Baker v. D.A.R.A. II, Inc.*, No. CV–06–2887–PHX–LOA, 2008 WL 4368913, at *2 (D. Ariz. Sept. 24, 2008). In particular, courts are concerned that an FLSA plaintiff is receiving adequate compensation. Here, assuming Plaintiff's claim is accurate, the Parties substantively agree on the amount of FLSA wages owed and the attorney fees owed. The amount agreed to by the Parties in the Proposed FLSA Agreement is likely the maximum amount of recovery to which Plaintiff would be entitled if she successfully proved her claims.

The FLSA also requires that a settlement agreement include an award of reasonable attorney's fees. *See Lee v. The Timberland Co.*, No. C 07–2367–JF, 2008 WL 2492295, at *2 (N.D. Cal. June 19, 2008). In this case, the FLSA Agreement provides for a payment of alleged FLSA wages and separate attorney's fees. In other words, the Plaintiff will be paid for her wage claim, and the Defendant will pay Plaintiff's legal fees, so that the legal fees will not come out of what is paid to Plaintiff.

Finally, the Proposed FLSA Agreement does not contain unfair terms. Some proposed settlements have been rejected by the courts because the settlement has language that offended the vast, remedial purposes of the FLSA, such as a confidentiality agreement. This Proposed FLSA Agreement does not contain a confidentiality clause as to the settlement and no other terms offend the purposes of the FLSA.

## II.    CONCLUSION

The Parties request that the Court approve the Proposed FLSA Agreement which settles a bona fide dispute between the Parties regarding whether Plaintiff is entitled to overtime wages. Furthermore, the Proposed FLSA Agreement is fair in that it fully compensates Plaintiff for all claimed overtime and includes a separate payment for attorney's fees. Because Defendant has agreed to pay the maximum amount Plaintiff would be entitled to under her claims, the proposed FLSA Agreement should be deemed fair and reasonable. The Parties request that the Court approve the FLSA Agreement as attached.

Dated this 1st day of June, 2017.


GREGORY B. SMITH                        Parsons Behle & Latimer
111 E. 5600 S. #105                     201 South Main Street, Suite 1800
MURRAY, UT 84107                        Salt Lake City, UT 84111
*Attorney for Plaintiff*                *Attorneys for Defendant*

## FAIR LABOR STANDARDS ACT ("FLSA") SETTLEMENT, FLSA AGREEMENT, AND RELEASE OF ALL FLSA-RELATED CLAIMS

This Fair Labor Standards Act Settlement FLSA Agreement and Release of All FLSA-Related FLSA Claims ("FLSA Agreement") is between KinderCare Education LLC, dba KinderCare Learning Center ("Employer") and Kymberly Krause ("Claimant"). Employer and Claimant are jointly referred to as the "Parties."

WHEREAS, Claimant has made wage, overtime and other wage-related FLSA Claims pertaining to her employment with Employer, including such claims through Claimant's attorney, Gregory B. Smith, A L A, P.C. (the "FLSA Claims").

WHEREAS, Employer denies and disputes any and all of Claimant's alleged FLSA Claims and any other claims or wrongdoing with respect to Claimant and Claimant's employment with Employer;

WHEREAS, the parties wish to avoid the expense of litigation and desire to resolve any and all FLSA Claims alleged, or that could be alleged, arising from the events and circumstances surrounding Claimant's alleged injuries, employment with and separation from employment with Employer;

NOW THEREFORE, in consideration of and exchange for the promises, covenants, and releases contained herein, the parties mutually agree as follows:

1.     <u>Estimate of Wages Claimed and No Admission of Liability</u>.  Plaintiff estimates that she may have worked approximately as many as 20 (twenty) hours for Employer for which she may be owed overtime wages.  The parties agree that the $1,500 FLSA Settlement Payment described in paragraph 3 would adequately meet or exceed the amount for Plaintiff's estimated wages she claims are owed through the Last Date of Employment, as defined in Section 2.  This FLSA Agreement and compliance with it shall not be construed as an admission by Employer of any liability whatsoever or as an admission by Employer of any wrongdoing including any violation of Claimant's rights under any common law, statute or contract.  Employer specifically disclaims any wrongdoing and disclaims any liability to Claimant for any violation of Claimant's rights.

2.     <u>Last Date of Employment</u>.  Claimant's last date of employment with Employer was, or will be, June 2, 2017 (the "Last Date of Employment").  Employer will continue to pay Claimant's wages, for time worked for Employer, through the Last Date of Employment.

3.     <u>Consideration</u>.  In consideration for the promises contained in this FLSA Agreement and the release of FLSA Claims as set forth below, and provided Claimant signs this FLSA Agreement, Employer will:

(a) Issue a check for wages made payable to "Kymberly Krause" in the amount of One Thousand and Five Hundred Dollars ($1,500), less applicable payroll withholdings ("FLSA Settlement Payment"). Employer will issue Claimant an IRS Form W-2 for this payment, which W-2 will be mailed to Claimant at her last known address provided to Employer by Claimant as of the Last Date of Employment; and

(b) Employer will issue a check for alleged attorneys' fees made payable to "A L A, P.C." in the amount of Five Thousand and Five Hundred Dollars ($5,500) ("Attorney Fee Payment"), for which a Form 1099 will be issued to A L A, P.C.

Within twenty (20) business days of the Effective Date of this FLSA Agreement, as defined below in Paragraph 13, Employer will mail the FLSA Settlement Payment check and the Attorney Fee Payment check to the attention of attorney Gregory B. Smith at the following address: A L A, P.C., 5600 S 111 E, Ste 105, Murray, UT 84107. A L A, P.C. will then deliver the FLSA Settlement Payment to Claimant.

4.     No Amounts Owing. Claimant acknowledges that Employer shall owe Claimant nothing further once Claimant receives the FLSA Settlement Payment.

5.     Release. In consideration of the obligations assumed by Employer as described above, Claimant waives, acquits and forever discharges Employer and, without limitation, its predecessors and successors, parents, subsidiaries, divisions, and affiliates (including, but not limited to, KinderCare Learning Centers LLC, KCE Champions LLC, and KinderCare Education at Work LLC, formerly known as Children's Creative Learning Centers LLC), and all of each such entity's officers, directors, members, managers, shareholders, claimants, insurers, agents, attorneys or assigns, in their individual and representative capacities (collectively, "Employer" or "Released Parties"), from any and all FLSA Claims, demands, actions, or causes of action, whether known or unknown, arising from or related in any way to any employment of or termination of employment of, or future failure or refusal to employ Claimant by Released Parties, or any other past or future claim, whether known or unknown and whether or not asserted (except as reserved by this FLSA Agreement or where expressly prohibited by law) that relates in any way to Claimant's employment, separation from employment, compensation, benefits, reemployment, or application for employment, with the exception of any claim Claimant may have against Released Parties for enforcement of this FLSA Agreement. This release includes any and all FLSA Claims, direct or indirect, which might otherwise be made under any applicable local, state, or federal authority, including but not limited to any claim arising under state statutes dealing with employment, discrimination in employment, Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the Americans With Disabilities Act, the Family and Medical Leave Act of 1993, the Equal Pay Act of 1963, Executive Order 11246, the Rehabilitation Act of 1973, the Uniformed Services Employment and Reemployment Rights Act of 1994, the Worker Adjustment and Retraining Notification Act, Older Workers Benefit Protection Act, the Fair Labor Standards Act, Utah Antidiscrimination Act, Employment Relations and Collective Bargaining Act, Utah Right to Work Act,

Utah Drug and Alcohol Testing Act, Utah Minimum Wage Act, Utah Protection of Activities in Private Vehicles Act, Utah Employment Selection Procedures Act, Utah Occupational Safety and Health Act, all other Utah state employment or discrimination laws, including but not limited to any state discrimination or wage and hour statutes (so far as is allowed by law), all as amended, any regulations under such authorities, and any applicable contract, tort, or common law theories. **THESE CLAIMS ARE EXAMPLES, NOT A COMPLETE LIST, OF THE RELEASED FLSA CLAIMS, AS IT IS THE PARTIES' INTENT THAT CLAIMANT RELEASE ANY AND ALL CLAIMS, OF WHATEVER KIND OR NATURE, KNOWN OR UNKNOWN, AGAINST THE RELEASED PARTIES, WHICH AROSE OR OCCURRED ON OR BEFORE THE DATE OF THIS FLSA AGREEMENT, IN EXCHANGE FOR THE CONSIDERATION SET FORTH HEREIN.**

6.      Exclusions and Reservation of Rights.  Claimant agrees that the release in paragraph 5 excludes any claims that cannot be waived by law, and excludes Claimant's right to file a charge with or participate in an investigation by any administrative agency. Claimant gives up, however, any right to any money or other personal benefit from any such charge.  This FLSA Agreement shall not affect any rights which Claimant may have under any benefit plans or programs, including, without limitation, under any medical insurance (including the right to continue benefits under COBRA), disability plan, workers' compensation, unemployment compensation, indemnifications, and related FLSA Agreements, or any retirement savings plan, including the 401(k) Retirement Savings Plan and Nonqualified Deferred Compensation Plan maintained by Employer, and the Long Term Incentive Plan.

7.      Taxing Authority.  Claimant acknowledges that the FLSA Settlement Payment identified in paragraph 3 above, will be reported to the appropriate taxing authorities, and that Employer makes no representation as to what, if any, tax implications or consequences these payments may have for any party or payee.

8.      Nondisclosure.  Claimant agrees to refrain from using or disclosing in any manner any information (whether in electronic, written, oral, or any other form) that is proprietary to Employer, including but not limited to financial information or reports, policies, procedures, processes, forms, customer information or lists, employee information or lists, techniques, training, curricula, trade secrets, programs, intellectual property, and business concepts, plans, opportunities, projections, reports or records ("proprietary information").

9.      Neutral Reference.  Claimant agrees to refer all requests for references to the third-party vendor used by Employer to conduct its employment verifications, currently Barnett Associates.  Claimant understands that Barnett Associates provides only dates of service and position(s) held.  Anyone who seeks to verify Claimant's information must call (800) 800-4VJS.

10.   Entire FLSA Agreement.   This FLSA Agreement contains the entire agreement and understanding between the Parties related to Employee's FLSA claims, and supersedes and replaces all prior FLSA Agreements, written or oral, prior negotiations and proposed FLSA Agreements, written or oral.  The Parties acknowledge that no other party, nor agent nor attorney of any other party, has made any promise, representation, or warranty, express or implied, not contained in this FLSA Agreement concerning the subject matter of this FLSA Agreement to induce this FLSA Agreement, and the Parties acknowledge that they have not executed this FLSA Agreement in reliance upon any such promise, representation or warranty not contained in the FLSA Agreement.

11.   Severability.   If any provision of this FLSA Agreement shall be invalid or unenforceable in any respect for any reason, the validity and enforceability of any such provision in any other respect and of the remaining provisions of this FLSA Agreement shall not be in any way impaired, excepting that if the release in paragraph 5 is invalid or unenforceable, the FLSA Agreement shall be voidable by Employer for a period of sixty (60) days following receipt of written notice of the invalidity or unenforceability.

12.   Jurisdiction.   This FLSA Agreement is made in the State of Utah and shall in all respects be governed by the laws of the State of Utah. The Parties hereby consent to the exclusive jurisdiction and venue of the state and federal courts residing in Salt Lake County, Utah for all matters and actions arising under this FLSA Agreement, except for proceedings by Employer or Employer, LLC to enforce the provisions of Paragraphs 7 - 10, which may be brought by any Released Party in any jurisdiction where a violation is occurring or is threatened to occur. The Parties to this FLSA Agreement, by their signatures hereto, agree to submit to said courts' jurisdiction and to waive all defenses related to jurisdiction and venue.  Subject to applicable law, the prevailing party in any litigation brought to enforce this FLSA Agreement shall be entitled to recover its costs including reasonable attorneys' fees.

13.   Effective Date.   This FLSA Agreement will be effective ("Effective") upon the later of (a) June 3, 2017, and (b) approval of this FLSA Agreement by the United States District Court for the District of Utah of the District Court Settlement.

14.   Delivery of Executed FLSA Agreement:   The parties will deliver the executed FLSA Agreement to each other as follows:

(a)   After executing the FLSA Agreement, Claimant, through her attorneys, A L A, P.C., will deliver it to Employer's attorney Jeff Brecht by mailing it to the following address:  Jeff Brecht, Lane Powell PC, 601 SW Second Avenue, Suite 2100, Portland, OR 97204.

(b)   Within twenty (20) business days of the Effective Date of this FLSA Agreement, as defined above in Paragraph 13, Employer will execute and mail the FLSA

Agreement to Claimant, at the following address:  5600 S 111 E, Ste 105, Murray, UT 84107.

15.  <u>Signature in Counterparts/By Facsimile</u>.  This FLSA Agreement may be executed in several counterparts, each of which shall be deemed to be an original but all of which together shall constitute one and the same instrument.  Facsimile copies of such signed counterparts may be used in lieu of the originals for any purpose.

CLAIMANT HAS READ AND UNDERSTANDS THE FOREGOING SETTLEMENT AGREEMENT AND GENERAL RELEASE OF ALL CLAIMS, INCLUDING UNKNOWN CLAIMS.  CLAIMANT UNDERSTANDS THAT CLAIMANT IS RELEASING LEGAL RIGHTS AND VOLUNTARILY ENTERS INTO THIS RELEASE.

_____

**Kymberly Krause**

Dated:

_____

**KinderCare Education LLC**

By: _____

Dated: _____